IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PEAK ASPHALT, LLC., etal, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV08-127-E-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| NATIONAL FIRE INSURANCE COMPANY ) | |
| OF HARTFORD, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court in the above-titled matter is Defendant's motion to transfer venue. The motion seeks an order transferring venue to the United States District Court for the District of Utah or, alternatively, the United States District Court for the District of Nebraska, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**Factual and Procedural History**

This action was initiated by Plaintiffs Peak Asphalt, LLC (Peak Asphalt) and Idaho Asphalt Supply, Inc. (IAS) for breach of contract, bad faith, and a declaratory judgment against Defendant, National Fire Insurance Company of Hartford (National Fire). The complaint seeks to invoke this Court's jurisdiction based on diversity of citizenship between IAS, a company whose principal place of business is Idaho, and National Fire, a foreign company. Peak Asphalt is located in Utah.

A contract dispute litigated in Nebraska between Peak Asphalt and Western Engineering Corporation, an Iowa Corporation gave rise to this action.[1] As an insured of National Fire, Peak Asphalt sought indemnity and defense from National Fire for the Western Engineering lawsuit. National Fire denied the claim. IAS was not named in the Nebraska suit.

IAS is relevant to the instant dispute because it is the parent company of Peak Asphalt and the primary policy holder of the National Fire insurance policy Peak Asphalt sought indemnity under. Peak Asphalt is listed as one of the named insureds. At all times during the Western Engineering suit, IAS wholly owned Peak Asphalt, directed Peak's operations and made the substantive decisions regarding the Western Engineering lawsuit.

**Analysis**

A federal court is authorized, in its discretion, to transfer proceedings from one division of a district to another, upon motion, consent, or stipulation of all of the parties. 28 U.S.C. § 1404(b). In making a venue determination, the court must at a minimum consider whether a transfer would be (1) convenient to the parties and witnesses, and (2) in the interest of justice. 28 U.S.C. § 1404(a).[2] Other facts the court may consider are: location where the relevant agreements were negotiated and executed, the state most familiar with the governing law, the plaintiff's choice of forum, the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the differences in the costs of litigation in the two forums, the availability of compulsory process to compel attendance of unwilling non-party witnesses, and the ease of access to sources of proof. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). The plaintiff's choice of forum is given paramount consideration and, unless the balance of factors strongly favors transfer, the plaintiff's choice should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). A transfer is allowed to a *more* convenient forum, "not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612 (1964).

---

[1] Peak Asphalt and Western Engineering settled the Nebraska lawsuit and entered a joint stipulation for dismissal of their claims.

[2] For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

In support of its motion, National Fire argues that Idaho law will not apply to resolve the insurance dispute, no Idaho resident was involved in the Western Engineering case, and the relevant witnesses are located in Utah and Nebraska. National Fire bases these contentions on the fact that IAS was not named in the Nebraska suit and therefore, has little or nothing to do with the instant action. National Fire acknowledges that the insurance policy was entered into in Idaho.

The Court has reviewed the record in this case and determines that the District of Idaho is the proper venue. First, the insurance contract at issue here was negotiated and executed in Idaho which favors retaining venue.

Second, Idaho law, opposed to Utah or Nebraska is likely to govern the insurance dispute in this case. In a diversity case, the district court must apply the choice of law rules of the state in which it sits. Abogados v. AT&T, Inc., 223 F.3d 932, 934 (9th Cir. 2000). Idaho applies the "most significant relationship" test for conflict of law resolution as set forth in the American Law Institute Restatement (Second) of Conflict of Laws. Seubert Excavators, Inc., v. Anderson Logging Co., 889 P.2d 82, 85 (Idaho 1995).[3] Cases dealing with insurance contracts are determined by the state law "which the parties understood was to be the principal location of the insured risk, unless with respect to a the particular issue, some other state has a more significant relationship." Rest. 2d Conflicts § 193.

Applying the "most significant relationship test" makes Idaho law the most likely to apply. Idaho is the principal location of the insured's risk because IAS entered into the insurance contract in Idaho, intending to insure business interests primarily located in Idaho. Furthermore, Idaho is the state of negotiation and contracting, state of intended performance,[4] IAS's place of incorporation, and Peak Asphalt is operated out of Idaho by IAS. Utah's only relationship to this action is that Peak Asphalt is located there and Nebraska's only relationship is that the underlying litigation occurred there.

---

[3] Utah and Nebraska also apply this test. See Waddoups v. The Amalgamted Sugar Co., 54 P.3d 1054 (Utah 2002); Shull v. Dain, Kalman & Quail, 267 N.W.2d 517 (Neb. 1978).

[4] IAS took out the insurance policy to insure the companies it owns. Ten companies, one of which is Peak Asphalt, are listed as named insureds on the policy. Presumably, most of these companies are located in Idaho. See Ex. A, Aff. in Opp'n to Renewed Mot. to Transfer Venue.

Third, Idaho is the plaintiffs' choice of forum and the parties each have significant contacts with Idaho. IAS is a resident with its principal place of business in the state. Peak Asphalt's operational decisions are made by IAS in Idaho. National Fire is registered to do business in the state of Idaho. IAS and National Fire negotiated the contract in Idaho for the purpose of Idaho business interests. Aside from the underlying litigation occurring in Nebraska, all of the significant action relating to the instant action occurred in Idaho.

Additional factors also weigh in favor of retaining venue in Idaho. Expected witnesses in this case will come from Idaho, Illinois, and Ohio.[5] No witnesses are expected to be called from Utah or Nebraska. As such, the cost of litigation would likely be more to transfer venue to Utah or Nebraska because no witnesses are located there and all parties would have to retain local counsel.          Finally, this action is based on National Fire's failure to defend and indemnify Peak Asphalt. The likely sources of proof will be the insurance policy and underlying complaint in the Western Engineering lawsuit. See Kootenai County v. Western Cas. & Sur., 750 P.2d 87, 89 (Idaho 1988) (stating an insurer's duty to defend arises upon filing a complaint whose allegations reveal a potential for liability). Thus, access to the sources of proof are just as convenient in Idaho as other places.

In applying 28 U.S.C. § 1404(a), the Court finds that National Fire has not shown how either Utah or Nebraska would be more convenient to the parties or more in the interest of justice than Idaho. Moreover, the other factors to be considered by the Court also support venue in the District of Idaho. Memoranda filed with and in response to this motion make clear that IAS, and thus Idaho, have significant ties to this suit. Finally, plaintiff's choice of forum deserves significant consideration from the Court.

**ORDER**

Based on the foregoing, and being fully advised in the premises, the Court **HEREBY ORDERS** that the Defendant's Motion for Change of Venue (Docket No. 6) is **DENIED.**

---

[5] Affidavits filed by both parties indicate that they expect to call witnesses from these locations. See Aff. in Supp. of Renewed Mot. to Transfer Venue; Aff. in Opp'n to Renewed Mot. to Transfer Venue.

**IT IS FURTHER ORDERED** that the parties file a joint litigation plan on or before July 28, 2008.

DATED: **July 14, 2008**

_____
Honorable Edward J. Lodge
U. S. District Judge