Richard L. Stubbs, ISB No. 3239
Carsten A. Peterson, ISB No. 6373
QUANE SMITH LLP
Sixteenth Floor, U.S. Bank Plaza
101 South Capitol Boulevard
P.O. Box 519
Boise, Idaho 83701
Telephone (208) 345-8600
Facsimile (208) 345-8660

Attorneys for Defendant
National Fire Insurance Co. of Hartford

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PEAK ASPHALT, LLC; and IDAHO ASPHALT SUPPLY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL FIRE INSURANCE CO. of HARTFORD; and John Doe, persons or entities, <br><br> Defendants. | Case No. CV08-127-E-EJL <br><br> REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY |

I.
INTRODUCTION

It is undisputed that the duty to defend and indemnify are separate, independent duties. **See, e.g., Deluna v. State Farm Fire and Cas. Co.**, 2008 Ida. LEXIS 134 (Idaho July 1, 2008). Plaintiffs' argument that the same standard applies to both the duty to defend analysis and duty to indemnify blurs the distinction. Plaintiffs imply that if the Court concludes that National Fire breached the duty to defend, National Fire should be estopped from discovering additional facts and presenting those facts to the Court

REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE
OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY - 1

regarding the nature of the damages alleged by Western Engineering ("Western") in the underlying Nebraska litigation. This position is contrary to the law in Idaho as recently recognized in *Deluna* in which the Idaho Supreme Court unambiguously concluded that even following a settlement, an insurer is entitled to present facts to establish that liability is not covered by an insurance policy.

The only facts presently before the Court on the nature of damages and the settlement are those developed by Peak Asphalt and Western in the underlying litigation. The fact that Peak Asphalt may have faced a potential of liability to Western for the manufacturing or supplying non-conforming binder does not automatically extend coverage for Western's claims under the commercial general policy between the Plaintiffs and National Fire ("the Policy"). National Fire's duty to indemnify the settlement only extends to damages covered under the specific terms of the Policy, and National Fire should be permitted to explore these issues in this action.

It is undisputed that Rule 56(f) motions should be "freely" and "generously grant[ed]."[1] In this case, National Fire has complied with the requirements of Rule 56(f) to justify additional discovery. Accordingly, it is respectfully requested that National Fire's Rule 56(f) Motion to be granted.

---

[1] See cases cited by National Fire in its Memorandum in Support of the pending Motion such as ***Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine and Sioux Tribes of The Fort Peck Reservation***, 323 F.3d 767, 773 (9th Cir. 2003) and ***Magnum v. Action Collection Services, Inc.***, 2006 U.S. Dist. LEXIS 53923, *7 (D. Idaho Aug. 2, 2006) (granting Rule 56(f) motion).

REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY - 2

## II.
## ANALYSIS

### A. National Fire Is Entitled To Discover And Present Facts To Show That The Amount Paid By Peak Asphalt In Settlement With Western Is Not Covered Under The Policy

Plaintiffs predominately rely on the Idaho Court of Appeals' decision in *City of Idaho Falls v. Home Indemnity Company*, 126 Idaho 604, 888 P.2d 383 (1995) in arguing that the same standard for determining the duty to defend also applies to the duty to indemnify. As recently discussed by the Idaho Supreme Court in *Deluna v. State Farm Fire and Casualty Company, supra*, Plaintiffs' interpretation of Idaho law is incorrect.

In *Deluna*, the Idaho Supreme Court rejected a similar argument made by an insured and its reliance on the *City of Idaho Falls*. In *Deluna*, the insured argued that insurer, having breached its duty to defend, was not entitled to relitigate an underlying action following a settlement or judgment. *Id.* at * 9-10. The court in *Deluna* relied on the Idaho Court of Appeals decision in *Hirst v. St. Paul Fire & Marine Insurance Company*, 106 Idaho 792, 683 P.2d 440 (Ct. App. 1984) in recognizing that the duty to defend and the duty to indemnify are separate duties and that the "duty to indemnify is triggered only where an insurance company would be obligated to pay the underlying action regardless of how it fulfilled its duty to defend." *Id.* at *9. The court in *Deluna* recognized that although the insurer had breached the duty to defend, the insurer could still challenge its duty to indemnify the settlement. The Idaho Supreme Court concluded that "where an insurance company has wrongfully refused to defend, it may nevertheless in a subsequent action on the policy attempt to show that the liability is not covered by the policy." *Id.* at *10 (quoting *Hirst*, 106 Idaho at 799, 683 P.2d at 447).

REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY - 3

The court in *Hirst* reached its decision by adopting the Alaska Supreme Court's decision in *Afcan v. Mutual Fire, Marine and Inland Insurance Company*, 595 P.2d 638 (Alaska 1979). In *Afcan*, the court recognized that even though the insurer breached the duty to defend, the insurer was permitted to contest coverage even in instances of a settlement. *Id.* at 647. The court concluded that if "the liability of the insured is found not to be within the coverage of the policy, the insurer is not liable for obligations incurred by the insured in a settlement, even though the settlement is reasonable." *Id.* (Emphasis added).

The decision in *Deluna*, and the adoption of the *Afcan*, establish that an insurer is entitled to contest coverage by presenting facts to show that the claims were not covered. Therefore, Idaho comports with the majority rule from both federal and state courts that in the circumstances of a settlement, the facts inherent to the settlement should be considered when analyzing the duty to indemnify.[2]

### B. Damages Paid In Settlement Must Be Covered Damages

Even if Peak Asphalt had a potential liability to Western for a failure to manufacture and/or supply conforming binder, this is not the determinative factor as to whether National Fire has a duty to indemnify the settlement. Rather, the necessary inquiry is whether that liability is covered under the terms of the Policy as "property damage" caused by an "occurrence." The simple allegation that the binder caused "damage" to the road bed is not enough to require National Fire to indemnify the settlement.

---

[2] See cases cited by National Fire in its Memorandum In Support of the pending Motion.

REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE
OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY - 4

The facts of the underlying Nebraska litigation demonstrate that Peak Asphalt's potential liability to Western arose out of its alleged breach of contract to supply binder that complied with certain specifications. However, breach of contract actions are not an "occurrence." *See Magic Valley Potato Shippers v. Cont'l. Ins.*, 112 Idaho 1073, 739 P.2d 372 (1987) (affirming summary judgment in favor of the insurer). Further, defective workmanship, standing alone, which results in damage only to the work product itself, is not an accidental occurrence under a CGL policy. *See Burlington Ins. Co. v. Oceanic Design & Const., Inc.,* 383 F.3d 940 (9th Cir. 2004) (concluding that coverage under a CGL policy does not extend to the natural and foreseeable consequences of faulty workmanship); *see also Essex Ins. Company v. Holder*, 261 S.W.3d 456 (Ark. 2008) (recognizing that "[f]aulty workmanship is not an accident; instead, it is a foreseeable occurrence"); *Pursell Constr., Inc. v. Hawkeye-Security Ins. Co.*, 596 N.W.2d 67 (Iowa 1999); *L-J, Incorporated. v. Bituminous Fire and Marine Insurance Company.*, 621 S.E. 2d 33 (S.C. 2005).[3] National Fire should be permitted to discover facts relative to this inquiry.

Further, under the Policy, "property damage" is defined as either "physical damage to tangible property" or "loss of use of tangible property that is not injured." Affidavit of Chris Blake, Ex. L, p. 9 (Docket No. 26). Thus, in addition to the requirement of an

---

[3]The basis for National Fire's argument on "occurrence" and "property damage" is set forth in full Memorandum in Support of Cross-Motion for Summary Judgment Re: Duty to Defend and Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment Re: Duty to Defend (Docket No. 35-2). National Fire incorporates that argument as if set forth in full herein.

REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY - 5

"occurrence," the damages paid by Peak Asphalt must meet one of the definitions of "property damage" to trigger coverage.[4]

With respect to "property damage," courts have concluded that there is no property damage where a component part is incorporated into a larger structure "unless and until the defective component causes physical injury to tangible property in at least some other part of the system." *F&H Construction v. ITT Hartford Ins. Co. of the Midwest,* 118 Cal. App. 4th 364 (Cal. App. 3d Dist. 2004); *Esicorp Inc. v. Liberty Mutual Ins. Co.,* 266 F.3d 859, 863 (8th Cir. 2001). Likewise, property damage is not established where incorporation of a defective component part into a larger structure causes diminution in value of the structure. *Goodstein v. Cont'l Cas. Co.,* 509 F.3d 1042 (9th Cir. 2007); *New Hampshire Ins. Co. v. Vieira,* 930 F.2d 696 (9th Cir. 1991); *Travelco's Ins. Co. v. Eljer,* 757 N.E.2d 481 (Ill. 2001). Nor does property damage occur where one nonconforming component is combined with another component to form a third nonconforming product. *Aetna Casualty and Surety Co. v. McIlbs, Inc.,* 684 F. Supp 246 (D. Nev. 1988); *Great Am. Ins. Co. v. Vegas Constr. Co.,* 2008 U.S. Dist. LEXIS 81447 (D. Nev. 2008).

In its Memorandum in Support of the pending Rule 56(f) Motion, National Fire provided the Court with highlights of deposition testimony from the underlying litigation to demonstrate the lack of available evidence on the specific nature of the alleged damages. Mr. Oie explained that the project at issue involved the laying of asphalt over a concrete roadway. *See* Deposition of Claude Oie, p.10 (attached as Ex. J to the Affidavit of Counsel). However, there is no evidence in the underlying action that the concrete

---

[4] However, this analysis is not the end of the inquiry, as the Court must also analyze whether exclusions nevertheless precludes coverage.

REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY - 6

roadway was damaged. The only "damage" that may have occurred was to Western's aggregate or the asphaltic mix and that as a result, was inadequate for its intended purpose. National Fire contends that such "damage" does not constitute an "occurrence" or "property damage" as defined under the Policy. National Fire seeks to conduct depositions to clarify the issues of damages from the underlying action which are relevant in this action. Based on previous testimony, National Fire has a reason to believe that these individuals would have such knowledge.

Further, the depositions and settlement agreement in the underlying litigation only demonstrated that certain sections of the roadway were removed. *See* Affidavit of James D. Holman, Ex. O (Docket No. 27). National Fire contends that costs for repair and replacement are not "loss of use" damages.[5] Peak Asphalt is entitled to discover facts as to what, if any, additional loss of use damages were included in the settlement amount.

It appears from the facts in the underlying Nebraska litigation that Mr. Zhai, Mr. Blake, and Mr. Mealey and NDOR employees have knowledge relevant to the issues of damages. However, if the above individuals do not have sufficient knowledge of the damages sought in the underlying litigation, Bill Lemons, the President of Western at the time, and Gary Lemons, another Western employee, may have knowledge on the nature of damages sought by Western in the underlying Nebraska litigation. Bill Lemons signed the settlement agreement with Peak Asphalt on behalf of Western. In support of its Motion for Summary Judgment, Plaintiffs submitted the portions of the deposition transcripts of these two individuals. The transcripts of their depositions do not provide any information

---

[5] *See, e.g.*, ***Atmel Corporation v. St. Paul Fire & Marine Insurance Company***, 430 F. Supp. 2d 989 (N.D. Cal. 2006) (rejecting that costs related to repair and replacement were "loss of use damages") .

REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY - 7

on the nature of damages sought by Western or paid in settlement by Peak Asphalt. **See** Holman Affidavit, Exs. P, Q. Therefore National Fire requests leave to also depose Bill and Gary Lemons as part of its Rule 56(f) Motion.

### C. Other Relevant Discovery Regarding The Nature Of The Amount Paid In Settlement And Other Sources of Insurance

Plaintiffs also gloss over Chris Blake's knowledge regarding the settlement. According to Mr. Blake's Affidavit, the amount paid by Peak Asphalt represented something other than what was identified in the Settlement Agreement. If the amount paid in settlement represents Peak Asphalt's damages in its counterclaim, as Mr. Blake's Affidavit indicates, there is no coverage under the Policy. National Fire is entitled to conduct discovery into the inconsistencies. This would include the deposition of Mr. Blake, and if necessary, the deposition of Bill Lemons and Gary Lemons. Such discovery is relevant, and necessary in order for National Fire to present facts to the Court to contest coverage on the duty to indemnify.

Further, Plaintiffs ignore National Fire's argument that it is entitled to conduct discovery regarding additional sources of insurance coverage for Peak Asphalt. In the underlying litigation, Peak Asphalt disclosed that it had insurance with Zurich and did not disclose National Fire. The issue of this additional insurance is relevant to the issue of the duty to indemnify.[6]

---

[6] National Fire filed its Rule 56(f) Motion prior to the Plaintiffs' Expert Disclosure deadline of January 15, 2009. In its argument, National Fire stated that it needed to retain expert witnesses. Since that time, Plaintiffs did not disclose any experts, and National Fire has subsequently disclosed Donn McVeigh and Edward McKinnon as experts. National Fire intends to utilize both of these experts' opinions in opposing Plaintiffs' Motion for Summary Judgment Re: Duty to Indemnify.

REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY - 8

### D. National Fire Has Established the Factors To Justify Granting the Pending Rule 56(f) Motion

Rule 56(f) motions are freely and generously granted where a party opposing a motion for summary judgment makes (a) timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. **VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.**, 784 F.2d 1472, 1475 (9th Cir. 1986). The relevancy requirement is broadly construed and is satisfied if the evidence sought has the potential to defeat summary judgment. **See, e.g., Sultana Resources, LLC v. Trio Gold Corp.**, 2007 U.S. Dist, LEXIS 79243, *2 (D. Idaho Oct. 11, 2007) (granting Rule 56(f) motion).

National Fire described and detailed the discovery which has the potential to defeat Plaintiffs' Motion for Summary Judgment Re: Duty to Indemnify. National Fire set forth the individuals that it seeks to depose, the reasons for additional discovery, and the facts that may be discovered. For purposes of the pending Motion, National Fire is only required to show some basis for believing that the information sought actually exists. Plaintiffs incorrectly infer that National Fire has to prove the evidence actually exists. Therefore, National Fire has met the factors to justify granting the pending Motion.

Further, Plaintiffs argue that National Fire should not be permitted discovery in this case because National Fire followed an improper procedure in denying coverage. However, there is no requirement that National Fire should have immediately defended the suit and then filed a declaratory action.[7] Based on the allegations of the Complaint,

---

[7] **See e.g., Construction Mgmt. Sys., Inc. v. Assurance Co. of Am.**, 135 Idaho 680, 23 P.3d 142 (2001) (affirming summary judgment granted to insurer on duty to defend based on an exclusion where insurer denied the tender of defense and insured sued the insurer after settling underlying action); **Magic Valley Potato Shippers v. Cont.'l Ins.**, *supra* (affirming summary judgment for an insurer in an action for breach of contract on the basis of the applicability

REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE
OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY - 9

National Fire reasonably believed that it did not have a duty to defend the underlying Nebraska litigation. National Fire was entitled to make that determination, and there no basis to preclude National Fire from defending itself by conducting additional discovery in this action.

It is not enough that Peak Asphalt conducted discovery on the issue of damages in the underlying litigation. Issues related to coverage were not the subject of the discovery in that case. National Fire seeks to conduct discovery specific to whether the damages constitute either an "occurrence" or "property damage." Such discovery is also relevant to the exclusions of the Policy that may preclude coverage. There is no basis for binding National Fire to the litigation choices made by Peak Asphalt.[8]

### III.
### CONCLUSION

Based on the foregoing, National Fire respectfully requests that its Rule 56(f) Motion be granted.

DATED this 23rd day of February, 2009.

          QUANE SMITH LLP

          By  /s/ Richard L. Stubbs
              Richard L. Stubbs, Of the Firm
              Carsten A. Peterson, Of the Firm
              Attorneys for Defendant
              National Fire Insurance Co.
              of Hartford

---

of an exclusion barring coverage for contract claims where the insurer refused to defend the underlying action).

[8] *See, e.g., Irwin v. Mascott*, 370 F.3d 924 (9th Cir. 2004) cited by National Fire in its Memorandum in Support of the pending motion.

REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY - 10

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2009, I electronically filed the foregoing REPLY MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DUTY TO INDEMNIFY with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following CM/ECF Registered Participant:

| | |
|---|---|
| Curt R. Thomsen<br>(cthomsen@custertel.net)<br>James D. Holman<br>(holman@thomsenstephenslaw.com)<br>THOMSEN STEPHENS LAW OFFICES, PLLC<br>2635 Channing Way<br>Idaho Falls, Idaho 83404<br>Telephone (208) 522-1230<br>*Attorneys for Plaintiffs* | [ ] U.S. Mail<br>[X] CM/ECF System<br>[ ] Hand-Delivered<br>[ ] Overnight Mail<br>[ ] Facsimile (208) 522-1277 |

/s/ Carsten A. Peterson
Carsten A. Peterson